NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LARRY D. JAMES,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2024-2141

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-653, Judge Amanda L. Meredith.

_____

Decided:  July 28, 2026

_____

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before MOORE, *Chief Judge*, CUNNINGHAM and STARK, *Circuit Judges*.

CUNNINGHAM, *Circuit Judge*.

Larry James appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), dismissing in part his appeal denying entitlement to a higher disability rating for headaches beginning September 7, 2018, vacating in part the decision by the Board of Veterans' Appeals ("Board") denying entitlement to a compensable disability rating for headaches before September 7, 2018, and remanding for further proceedings. *James v. McDonough*, No. 23-0653, 2024 WL 1880107, at *8 (Vet. App. Apr. 30, 2024) ("*Decision*"). For the reasons discussed below, we *dismiss*.

## I. BACKGROUND

Mr. James served on active duty in the U.S. Air Force from November 1982 until February 1985. *Decision* at *1. In July 1985, a Department of Veterans Affairs ("VA") regional office ("RO") granted Mr. James benefits for headaches and assigned a noncompensable rating, effective February 1985. *Id.*; *see also* J.A. 19. In January 2015, Mr. James sought an increased compensable rating for headaches. *Decision* at *1. A VA examiner diagnosed Mr. James with "chronic daily headache syndrome with tension type and migraine characteristics." *Id.* In March 2015, the RO denied an increased rating for headaches. *Id.*

Mr. James appealed the March 2015 RO decision, leading to the Board remanding for a new VA examination regarding the severity of Mr. James's headaches and then denying entitlement to a higher rating for headaches in July 2020. *Id.* at *2–3. Mr. James appealed that Board decision, and the Veterans Court granted a joint motion for remand to the Board in June 2021 because "the Board had

provided inadequate reasons or bases for its decision." *Id.* at *3. Subsequently, Mr. James underwent another VA examination, and in August 2022, the RO increased Mr. James's disability rating for headaches to 50%, effective September 7, 2018. *Id.*; J.A. 50–51. The RO also denied Mr. James "a compensable rating for headaches prior to September 7, 2018." *Decision* at *3; J.A. 53.

Mr. James appealed the RO decision to the Board and then appealed the Board's decision to the Veterans Court. *See Decision* at *3. The Veterans Court dismissed Mr. James's claim seeking a disability rating higher than 50% for his headaches beginning on September 7, 2018. The Veterans Court vacated the "part of the Board's decision denying entitlement to a compensable disability rating for headaches prior to September 7, 2018," *id.* at *8, and remanded for further proceedings consistent with the opinion of the Veterans Court, including for the Board to consider in the first instance how this court's precedent in *Spicer v. McDonough*, 61 F.4th 1360, 1363 (Fed. Cir. 2023), may affect Mr. James's claim to headache residuals based on memory loss. *See Decision* at *7–8.

Mr. James timely appealed.

## II. STANDARD OF REVIEW

"This court's jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We review a decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a); *Smith v. Collins*, 130 F.4th 1337, 1342 (Fed. Cir. 2025). However, except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). That is to say, "while we can review questions of law, we cannot

review applications of law to fact." *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

### III. DISCUSSION

Mr. James asks us "to review the Veterans Court's determination to dismiss, in its entirety, [his] appeal with respect to the post-2018 ratings for his headache disorder." Appellant's Br. 2. He argues that we have jurisdiction to review this determination because: (1) he challenges the Veterans Court's dismissal with respect to the post-2018 headaches rating, *id.* at 7–11; and (2) the Veterans Court misinterpreted certain statutes and regulations, *id.* at 11–15. We address each argument in turn.

### A.

We do not have jurisdiction to review the Veterans Court's dismissal of Mr. James's headaches disability rating claim regarding the time period beginning September 7, 2018. The Veterans Court's dismissal of Mr. James's claim for a headaches disability rating in excess of 50% for the period starting September 7, 2018, rested on how Mr. James "d[id] not challenge the Board's determination" relating to the disability rating for that time period before the Veterans Court. *Decision* at *1. The Veterans Court "simply applied the jurisprudential rule that 'an issue not raised by an appellant in [his] opening brief . . . is waived.'" *Andre v. Principi*, 301 F.3d 1354, 1363 (Fed. Cir. 2002) (citation omitted). At most, the Veterans Court applied law to fact, such that we do not have jurisdiction to review.

### B.

Mr. James alternatively argues that he challenged the Board's interpretation of 38 U.S.C. § 1131 and 38 C.F.R. § 4.20 before the Veterans Court. Appellant's Br. 11–15. Mr. James argues that: (1) the Veterans Court broadly dismissed his challenge, *id.* at 11–12; and (2) that dismissal was based on an incorrect statutory and regulatory interpretation, *id.* at 13–15. We disagree.

First, Mr. James's argument relies on an overreading of the Veterans Court's decision. Mr. James "reads the Veterans Court's decision to broadly cut off any availability of additional ratings after 2018 even if, on remand, the Board finds that additional compensation is available prior to 2018." *Id.* at 12. But the Veterans Court did not broadly cut off the availability of additional ratings after 2018. *See Decision* at *6–7. Instead, the Veterans Court limited the dismissal to the portion "of the Board's October 6, 2022, decision denying entitlement to a disability rating in excess of 50% for headaches for the period beginning September 7, 2018." *Id.* at *8. Indeed, counsel for Mr. James agreed that if we do not read the dismissal as broadly as he does, then we do not have jurisdiction. *See* Oral Arg. 06:07–29, https://www.cafc.uscourts.gov/oral-arguments/24-2141_03 092026.mp3. In sum, we do not have jurisdiction to review the Veterans Court's dismissal decision.

Second, the Veterans Court did not rely on or interpret statutes or regulations in the relevant claim on appeal. Although Mr. James invokes 38 U.S.C. §§ 1110 and 1131, Appellant's Br. 6 & n.1, 11–15,[1] the Veterans Court expressly declined to consider Mr. James's challenges under, or otherwise interpret, either statute. *Decision* at *7 ("[Mr. James] does not cite, let alone apply, any authorities governing statutory interpretation, and the Court will not

---

[1]    The Veterans Court discusses 38 U.S.C. § 1110 because Mr. James focuses on that provision below. *Decision* at *7. However, as Mr. James explains in his opening brief, the governing statutory provision is 38 U.S.C. § 1131 because Mr. James did not serve in wartime. Appellant's Br. 6 & n.1. The relevant portions of the statutory text are identical, *compare* 38 U.S.C. § 1110 *with* 38 U.S.C. § 1131, and the Secretary agrees the two statutes are "interchangeable" for "purposes of this appeal." Appellee's Br. 3 n.2.

address this argument further." (citations omitted)). Mr. James also invokes 38 C.F.R. § 4.20, *see* Appellant's Br. 6, 11–15, but to the extent the Veterans Court interpreted 38 C.F.R. § 4.20, it did so with respect to Mr. James's headaches claim "for the period prior to September 7, 2018[.]" *Decision* at *6–7. Because the Veterans Court did not "rely on or address" these statutes or regulations in the parts of the opinion relevant to this appeal, we do not have jurisdiction to review the Veterans Court's decision. *Colage v. Collins*, 160 F.4th 1212, 1215–16 (Fed. Cir. 2025).

## IV. CONCLUSION

We have considered Mr. James's remaining arguments[2] and find that none of the arguments raises a nonfrivolous issue over which we can assert jurisdiction. For the foregoing reasons, we *dismiss*.

**DISMISSED**

COSTS

No costs.

---

[2] *Williams v. Principi* addresses whether we should exercise jurisdiction over remand orders of the Veterans Court. 275 F.3d 1361, 1363–64 (Fed. Cir. 2002). Similarly to *Williams*, 275 F.3d at 1364–65, Mr. James fails to identify a clear and final decision of a legal issue that was decided adverse to him and how a remand proceeding would moot the issue such that he could not later appeal any adverse decision after the remand proceedings. Appellant's Br. 7–11.